IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PETER A. LEWIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Case No. 14-cv-01154-SMY-PMF |
| ) | |
| **WARDEN RANDY GROUNDS,** ) | |
| ) | |
| **Defendant.** ) | |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's motion for a temporary restraining order or preliminary injunction (part of Doc. No. 1). Plaintiff Peter A. Lewis claims that the warden at Robinson Correctional Center is enforcing a grooming policy in a manner that deprives him of rights protected under the First Amendment and RLUIPA. The motion was heard on November 6, 2014.

Plaintiff is confined at Robinson Correctional Center. He anticipates that he will be released from confinement in October, 2015. He adheres to the teachings of the Hebrew Israelite religion and maintains a sincere belief that, because he was born into the Nazarite vow, his hair represents his life. He believes he has a religious obligation to allow his hair to grow. The only thing he may permissibly do with his hair is keep it clean. His hair naturally locks as it grows. His hair was recently cut on October 24, 2014, the same day this action was filed. His last hair cut before then was in 2004. On both occasions, his hair was cut against his will at the direction of prison officials. Lewis seeks an injunction prohibiting the warden from imposing any restrictions against the growth of hair and the natural formation of hair locks. Defendant Grounds appeared through counsel and participated in the hearing.

In order to succeed on a motion for a temporary restraining order or preliminary injunction, plaintiff must demonstrate that: (1) no adequate remedy at law exists; (2) he will suffer irreparable harm if the injunction is not granted; (3) the irreparable harm he will suffer outweighs the harm to the defendants if the injunction is granted; (4) he has a reasonable likelihood of prevailing on the merits; and (5) the injunction will not harm the public interest. *Joelner v. Vill. of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004). Plaintiff has the burden of proof to make a clear showing that he is entitled to a TRO. *Goodman v. Illinois Dep't of Fin. and Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005). Any injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

Because plaintiff's hair was cut on October 24, 2014, the record does not currently support the issuance of a preliminary injunction or a temporary restraining order.[1] Plaintiff attempted to resolve his concerns through the prison's emergency grievance process, without success (Doc. No. 2-1, p. 3-4). He has a likelihood of success on the merits of his RLUIPA claim. He can show that his religious beliefs are sincere and an unwanted haircut imposes a substantial burden on his sincere religious beliefs. While prisons have a legitimate interest in maintaining institutional security by prohibiting the possession of contraband (such as drugs, needles and weapons) the risk that contraband might be possessed by plaintiff and concealed in his hair in a manner that would not be detected by a safe search is remote and speculative. Contraband has not been found in plaintiff's possession or hidden in the hair of another inmate confined at Robinson Correctional Center. An unwanted haircut appears to be an overreaction to the remote possibility that Lewis

---

[1] On October 28, 2014, plaintiff was ordered to "advise the Court in writing, immediately" if his hair was cut (Doc. No. 4, p. 8). Plaintiff did not notify the Court of the October 24 hair cut prior to the November 6, 2014, hearing.

might try to hide contraband in his hair locks.  An unwanted haircut may not be the least restrictive means of furthering the interest in maintaining a secure institution.  That is, it does not appear that the warden considered and rejected less restrictive alternatives, such as restricting Lewis's movements outside of his assigned cell or restricting Lewis's interactions with other inmates, before enforcing a grooming policy.  Even so, Lewis cannot show that he will suffer irreparable harm if an injunction is not granted.  Because Lewis's hair was recently cut, his hair locks are short and can be searched effectively and safely for contraband.  Lewis' short hair locks are not considered to be a security concern and there are no plans to cut plaintiff's hair in the near future.  The motion for TRO/preliminary injunctive relief (part of Doc. No. 1) should be DENIED without prejudice.

SUBMITTED:   November 6, 2014.

s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**