IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PETER A. LEWIS,

        Plaintiff,

vs.

                                  Case No. 14-cv-01154-SMY-PMF

WARDEN RANDY GROUNDS,

        Defendants.

## MEMORANDUM AND ORDER

      This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 9) of Magistrate Judge Philip M. Frazier recommending that the Court deny Plaintiff's motion for preliminary injunctive relief or for a temporary restraining order (Doc. 2).

      Plaintiff is confined at Robinson Correctional Center. He anticipates that he will be released from confinement in October, 2015. He adheres to the teachings of the Hebrew Israelite religion and maintains a sincere belief that he has a religious obligation to allow his hair to grow. The only thing he may permissibly do with his hair is keep it clean. His hair naturally locks as it grows. His hair was recently cut on October 24, 2014, the same day this action was filed. His last hair cut before then was in 2004. On both occasions, his hair was cut against his will at the direction of prison officials. Lewis seeks an injunction prohibiting the warden from imposing any restrictions against the growth of hair and the natural formation of hair locks.

      The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3).  The Court must review *de novo* the portions of the report to which objections are made.  The Court has discretion to conduct a new hearing and may consider the record before the

magistrate judge anew or receive any further evidence deemed necessary.  *Id.*  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).  Because Plaintiff has filed an objection to the R & R the Court will review the record *de novo*.

When deciding a motion for a temporary restraining order, the Court applies the same standard as it does to a motion for a preliminary injunction. *Crue v. Aiken*, 137 F. Supp. 2d 1076, 1083 (C.D. Ill. 2001).  Preliminary injunctive relief is designed "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortgage Corp. v. Platinum Fin. Group Inc*., 149 F.3d 722, 726 (7th Cir. 1998).  A party seeking a preliminary injunction must make a threshold showing that (1) it has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) it will suffer irreparable harm if the injunction is not granted. *Ferrell v. United States Dep't of Housing and Urban Dev.*, 186 F.3d 805, 811 (7th Cir. 1999).  Irreparable harm must be *likely*, not just possible. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 22 (2008).  If the moving party is able to establish these three factors, the Court must then balance the harms to both parties using a "sliding scale" analysis, also taking into consideration the effect that granting or denying the injunction will have on the public.  "[T]he greater the moving party's likelihood of prevailing on the merits, the less strongly it must show that the balance of harms weighs in its favor." *Ferrell*, 186 F.3d at 811.

"A preliminary injunction is an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Chicago Dist. Council of Carpenters Pension Fund v. K & I Constr., Inc.*, 270 F.3d 1060, 1064 (7th Cir. 2001) (citing

*Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam)); *accord Winter v. Natural Res.*

*Def. Council, Inc.*, 129 S. Ct. 365, 376 (2008).  Specifically, with respect to prisoners,

> preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.  The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . .

18 U.S.C. § 3626(a)(2).

While Plaintiff may have some likelihood of success on the merits, the other factors

weigh heavily against granting the preliminary injunction.  Specifically, prior to the October,

2014 haircut, the last haircut took place in 2004.  Plaintiff has made no showing that there are

any plans to cut his hair in the near future.  Therefore, it is unlikely that Plaintiff will suffer

irreparable harm in the future.

Additionally,  injunctive relief will not benefit Plaintiff as his hair has already been cut,

and his claim for permanent injunctive relief provides an adequate remedy at law.  Accordingly,

this factor weighs in favor of denying the grant of a preliminary injunction.

After considering each of the above factors, the Court finds that Plaintiff has failed to

carry his burden.  Accordingly the Court **ADOPTS** the R & R (Doc. 9) and **DENIES** Plaintiff's

motion for a preliminary injunction or temporary restraining order (Doc. 1).  Plaintiff's action for

permanent injunctive relief (included in Doc. 1) remains pending.

**IT IS SO ORDERED.**

**DATED: December 9, 2014**

s/ Staci M. Yandle
**STACI M. YANDLE**

**DISTRICT JUDGE**