### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

PETER A. LEWIS,                                    )
                                                   )
                         **Plaintiff,**            )
                                                   )
v.                                                 )     Civil Case No.   14-cv-01154-SMY-PMF
                                                   )
WARDEN RANDY GROUNDS,                              )
                                                   )
                         **Defendant.**            )

### MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court is defendant Randy Grounds' motion for summary judgment on the issue of exhaustion of administrative remedies (Doc. No. 23). Plaintiff Peter Lewis is challenging a decision to enforce the prison's grooming policy by cutting his hair on October 24, 2014. Lewis adheres to the teachings of the Hebrew Israelite religion and maintains a sincere belief that his hair represents his life and should not be cut or broken. He claims the October 24, 2014, haircut deprived him of rights protected under the First Amendment's religious freedom clause and the Religious Land Use and Institutionalized Persons Act (RLUIPA). The motion is based on evidence suggesting that Lewis filed this action without first exhausting available administrative remedies. Lewis filed this action on October 24, 2014, the same day his hair was cut. The motion is opposed (Doc. No. 27).

Summary judgment will be entered if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The facts and all reasonable inferences are drawn in favor of the nonmoving party. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

Inmates who are unhappy with aspects of their prison confinement are required to exhaust available administrative remedies before turning to the Court for a remedy.   42 U.S.C. §1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).   Failure to exhaust is an affirmative defense that must be pleaded and proved by the defendant.   *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008). The state's procedural rules establish the contours of the requirement.   *Jones v. Bock*, 549 U.S. 199, 218 (2007).   In other words, to exhaust, inmates must filed complaints and appeals in the place and at the time the prison's administrative rules require.   *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).   Grievances are intended to give prison administrators an opportunity to address a concern.   They do not need to place individual defendants on notice of an impending lawsuit.   *Jones*, 549 U.S. at 218.

The relevant facts are not in dispute.   Plaintiff first attempted to resolve his concerns through the prison's emergency grievance process.   He then followed the normal grievance procedure by resubmitting his grievance to a counselor on October 21, 2014.   The counselor responded on October 30, 2014.   Once he received the counselor's response, Lewis waited for the law library to open so that he could obtain a photocopy.   He forwarded his grievance to the grievance officer on November 5, 2014.   The grievance officer's recommendation was adopted by the warden on December 4, 2014.   Lewis did not receive the warden's decision until December 19, 2014.   Lewis sent his appeal to the administrative review board (ARB) on December 30, 2014. Although the appeal went out in the mail the same day, the ARB did not receive the appeal until January 7, 2015.   On January 22, 2015, Sherry Benton rejected the appeal as untimely (Doc. No. 24-3, p. 4).   The ARB did not consider Lewis' appeal on the merits.

Lewis suggests that he is not required to go through any administrative procedure before initiating litigation for the purpose of seeking judicial relief in the form of a temporary restraining

–2–

order or preliminary injunction. This assertion is not supported by citation to relevant authority, and the Court is not aware of any such exception to the statutory exhaustion requirement. The Prison Litigation Reform Act does include some exceptions. For example, the "three strikes" provision for pauperis status includes an exception for prisoners who are in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Yet, Congress did not recognize exceptions when crafting the exhaustion requirement. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741 (2001)(no futility or inadequacy exception).

Lewis also argues that he acted reasonably and in good faith when he waited until December 30, 2014, to send his appeal to the ARB. He explains that he wanted to first obtain a copy from the law librarian. The law librarian was not available to make a copy for Lewis until December 30, 2014. This position also lacks merit. The Supreme Court has recognized that exhaustion means *proper* exhaustion through compliance with the prison's procedural rules. *Woodford,* 548 U.S. at 93.

Lewis also argues that his grievances were not processed expeditiously at each level of decision, deemed a violation of minimum federal standards for inmate grievance procedures. See 28 C.F.R. pt. 40. The minimal federal standards for inmate grievance procedures were adopted before the Prison Litigation Reform Act because effective. Those standards have no application to Lewis' claim for relief, which accrued well after the effective date of the PLRA. *See Lewis v. Washington*, 300F.3d 829, 834 (7th Cir. 2002)(applying the "substantial compliance" doctrine only to causes of action accruing before the PLRA's effective date).

Lewis also argues that his appeal to the ARB should have been accepted as timely. He notes that the appeal was sent during the peak season for holiday mail. He believes the U.S. Postal Service was flooded with mail, resulting in an unusual 8-day delivery delay. He also

suggests that the ARB failed to apply the "mailbox rule" and consider his appeal as "filed" on the day he put in institutional mail.   Because Lewis did not give the ARB an opportunity to consider whether his late appeal should be excused, the Court will decline to consider these arguments in the first instance.   Even if the Court were to conclude that Lewis's appeal was timely submitted on December 30, 2014, it was certainly not resolved before Lewis filed this litigation on October 24, 2014.   Dismissal without prejudice is proper in these circumstances.   *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004)(exhaustion must precede litigation).

Defendant Randy Grounds' motion for summary judgment (Doc. No. 23) is GRANTED as follows.   This action is DISMISSED without prejudice for failure to exhaust administrative remedies.   All pending motions are MOOT.   The Clerk is DIRECTED to close this case.

**IT IS SO ORDERED:   June 30, 2015**

 **s/     Staci M. Yandle**
**Staci M. Yandle**
**U.S. District Judge**

– 4 –